IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01281-JLK-GJR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

101.47 ACRES OF LAND, MORE OR LESS,
    LOCATED IN LA PLATA COUNTY,
    STATE OF COLORADO; and

LAFARGE WEST, INC.
MOBILE PREMIX CONCRETE, INC.
RALPH E. WHEELER
BESSIE WHEELER
BERTRAM COLLYER
ADELTHA W. COLLYER
C.E. WHEELER
CELIA WHEELER
WHEELER ONE TRUST
COLLYER FAMILY TRUST
LA PLATA COUNTY TREASURER; and
UNKNOWN OWNERS, if any,

        Defendants.

## FINAL ORDER

This is a civil condemnation action filed by Plaintiff United States of America, pursuant to 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). Plaintiff United States has taken certain property under the power of eminent domain for the public use and seeks the ascertainment and award of just compensation to the owners and parties in interest for the property condemned.

This Court has jurisdiction pursuant to 28 U.S.C. § 1345 and 40 U.S.C. § 3114. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1403, because the condemned property is located in this judicial district.

The property condemned is required for the construction and operation of Ridges Basin Dam and Reservoir (Lake Nighthorse) and their associated features which are integral components of the larger federal project located in southwest Colorado and northwest New Mexico known as the Animas-La Plata Project. The Animas-La Plata Project fulfills the federal government's trust responsibilities to address the Colorado Ute Indians' water rights; respects existing water rights of non-Indians in the San Juan River Basin; furnishes, via a pipeline, the Navajo Nation with water in the Shiprock, New Mexico, area; allows for municipal and industrial water for non-Indian communities in the Four Corners area; and provides increased certainty for water managers in the San Juan River Basin. *See* Colorado River Basin Project Act, Title V, September 30, 1968 (82 Stat. 896); Colorado-Ute Indian Water Rights Settlement Act of 1988 (102 Stat. 2973); Public Law 106-554, Colorado Ute Settlement Act Amendments of 2000, dated December 21, 2000.

On July 17, 2003, in furtherance of the Animas-La Plata Project, Plaintiff United States filed a Complaint in Condemnation (Docket No. 1) and a Declaration of Taking (Docket No. 2) in this civil action in reference to certain property located in La Plata County, Colorado ("Property"). The legal authority for the taking of the Property and the public uses for which the Property is taken are set forth in Schedule A attached to the

Declaration of Taking.  (Docket No. 1.)  The Property consisted of 41.86 acres, more or less, in a fee simple estate of 27.34 acres and temporary easements of 14.52 acres. (Docket No. 1.)

On July 17, 2003, Plaintiff United States deposited Five Hundred Eighty Thousand Seven Hundred Thirty-Five Dollars ($580,735) into the Registry of the Court as the amount of estimated just compensation for the Property.  (Docket No. 3.)

On August 28, 2003, with the consent of the parties, Plaintiff United States filed an Amended Complaint in Condemnation (Docket No. 11) and an Amended Declaration of Taking.  (Docket No. 13).  The Amended Complaint in Condemnation and the Amended Declaration of Taking condemned a fee simple estate in 100.86 acres of land, the mineral rights within the first 200 feet below the surface associated with the 100.86 acres, a functioning water well, and certain stockpiles of existing processed and unprocessed soil and aggregate materials located on the 100.86 acres ("Amended Property").  (Docket No. 13.)  The Amended Property included the Property previously condemned on July 17, 2003.

On August 28, 2003, Plaintiff United States deposited an additional One Million Four Hundred Nineteen Thousand Two Hundred Sixty-Five Dollars ($1,419,265) into the Registry of the Court as the amount of estimated just compensation for the Amended Property.  (Docket No. 14.)

On September 15, 2003, Plaintiff United States filed a Notice of Disclaimer of Amoco Production Company, now known as BP America Production Company

("Notice"). (Docket No. 17.) Attached as Exhibit 1 to the Notice is the Disclaimer of Amoco Production Company, now known as BP America Production Company ("Amoco Disclaimer"). (Docket No. 17.) By way of the Amoco Disclaimer, Amoco Production Company, now known as BP America Production Company, disclaims and waives any and all claim, right, title, interest and/or estate in the just compensation, if any, paid or to be paid for the fee simple estate acquired by way of the Amended Complaint in Condemnation and the Amended Declaration of Taking filed in this civil action. (Docket No. 17.)

On October 16, 2003, Plaintiff United States filed a Second Amended Complaint in Condemnation for the purpose of adding Defendant Lafarge West, Inc. and Defendant Amoco Production Company as parties. (Docket No. 22.)

On April 15, 2004, with the consent of the parties, Plaintiff United States filed a Third Amended Complaint (Docket No. 36) and a Third Amended Declaration of Taking (Docket No. 37.) The purpose of filing the Third Amended Complaint and the Third Amended Declaration of Taking was, for the convenience of the parties, to transfer a parcel of land consisting of 0.61 acres in fee simple estate designated as Parcel RBR-11(A)(Fee) to this civil action from another pending civil action entitled *United States v. 118.89 Acres, et al.*, Civil Action No. 03-cv-01298-JLK-GJR, United States District Court for the District of Colorado, that had previously been filed on July 18, 2003. (Docket No. 35.) Thus, the Third Amended Complaint and the Third Amended Declaration of Taking condemned a fee simple estate of 101.47 acres, the mineral rights within the first 200

4

feet below the surface associated with the 101.47 acres, a functioning water well, and certain stockpiles of existing processed and unprocessed soil and aggregate minerals located on and under the 101.47 acres ("Third Amended Property"). (Docket No. 37.)

On May 3, 2004, Defendant Lafarge[1] filed an unopposed motion seeking the disbursement of One Million Nine Hundred Thousand Dollars ($1,900,000) from the Registry of the Court. (Docket No. 42.) On May 11, 2004, the Court granted Defendant Lafarge's May 3, 2004, motion, and $1,900,000 of the funds deposited by Plaintiff United States were thereafter disbursed from the Registry of the Court to Defendant Lafarge. (Docket No. 45.)

On September 21, 2005, Plaintiff United States deposited an additional sum of One Million Twenty Thousand Dollars ($1,020,000) into the Registry of the Court in reference to this civil action. (Docket No. 107.) Therefore, the total sum deposited by Plaintiff United States into the Registry of the Court in reference to this civil action was Three Million Twenty Thousand Dollars ($3,020,000) ("Deposited Funds"). The total sum remaining in the Registry of the Court as of September 21, 2005, was One Million One Hundred Twenty Thousand Dollars ($1,120,000), *i.e.* $3,020,000 - $1,900,000 ("Remaining Deposited Funds").

On March 15, 2006, the Clerk of the Court entered an Entry of Default as to all

---

[1] The term "Defendant Lafarge" means Defendants Lafarge West, Inc. and Mobile Premix Concrete, Inc.

Unknown Owners pursuant to Fed. R. Civ. P. 55(a).  (Docket No. 124.)

On March 21, 2006, all the remaining parties filed a Stipulation and Joint Motion for Disbursement of Funds and Dismissal with Prejudice ("Stipulation and Joint Motion"). (Docket No. 125.)  The Stipulation and Joint Motion provides:

1. The Stipulation and Joint Motion constitutes a complete and final settlement of all claims for just compensation between the remaining parties arising from and in connection with the condemnation of the Third Amended Property and/or the filings in this civil action;

2. The Stipulation and Joint Motion constitutes a complete and final settlement of any and all claims and demands of whatever nature that Defendant Lafarge, the Wheeler Defendants,[2] and Defendant La Plata County Treasurer had, has, or may hereafter acquire against Plaintiff United States, the Bureau of Reclamation, and/or the United States Department of the Interior, arising from or in connection with the Third Amended Property and/or the filings in this civil action;

3. Defendant Lafarge and the Wheeler Defendants represent that they have resolved all disputes between them with respect to (a) the issues on appeal in the Tenth Circuit Court of Appeals and (b) just compensation arising from and in connection with the condemnation of

---

[2] The term "Wheeler Defendants" means Defendants Ralph E. Wheeler, Bessie Wheeler, Bertram Collyer, Adeltha Collyer, C.E. Collyer, Celia Wheeler, Wheeler One Trust, and Collyer Family Trust.

the Third Amended Property and/or the filing of this civil action. Defendant Lafarge and the Wheeler Defendants have, or will within fifteen days of the filing of the Stipulation and Joint Motion, execute a stipulation dismissing the appeal prepared in the Tenth Circuit Mediation Office;

4. Defendant La Plata County Treasurer represents that, as of the date of the Stipulation and Joint Motion, there are no outstanding taxes or other assessments due and owing on the Third Amended Property;

5. Plaintiff United States agrees to pay Three Million Twenty Thousand Dollars ($3,020,000), which is the sum of the Deposited Funds, as the amount of just compensation for all of the Third Amended Property;

6. The parties agree that the Remaining Deposited Funds in the Registry of the Court shall be released and disbursed from the Registry of the Court as follows:

   A. Disbursement to the Wheeler Defendants shall be in the principal amount of One Hundred Seventy-Five Thousand Dollars ($175,000), plus pro-rated interest on that amount, less the Court Registry fee assessment, calculated from September 21, 2005, through the date of the disbursement;

   B. The balance of the remaining principal in the amount of Nine

Hundred Forty-Five Thousand Dollars ($945,000), plus the remaining interest, less the Court registry fee shall be disbursed to Defendant Lafarge.

7. The parties further agree that upon disbursement of the Remaining Deposited Funds, this civil action should be dismissed with prejudice, each party to pay its own costs and attorney's fees.

On March 21, 2006, the Court entered the Order Approving Stipulation and Granting Joint Motion for Disbursement of Funds and Dismissal with Prejudice. (Docket No. 126.) In addition, the Court ordered the Clerk of the Court to disburse the funds deposited in the Registry of the Court as set forth in the Stipulation and Joint Motion. (Docket No. 126.) Thereafter, the funds were disbursed.

This matter now comes before the Court on the Unopposed Motion by Plaintiff United States of America for a Final Order and for Entry of Judgment (Docket No. 129), and for good and sufficient cause shown, it is hereby

ORDERED that the fee simple absolute title consisting of Parcel RBR-11(Fee) and Parcel RBR-11A(Fee) consisting of 101.47 acres, the mineral rights within the first 200 feet below the surface associated with the 101.47 acres, a functioning water well, and certain stockpiles of existing processed and unprocessed soil and aggregate minerals located on the 101.47 acres condemned in the Third Amended Declaration of Taking in this civil action are for the public use as authorized by law; and it is further

ORDERED that on July 17, 2003, Defendant Lafarge, as described herein, was the rightful owner of the certain 27.34 acres described as Parcel RBR-11(Fee) in the Declaration of Taking (Docket No. 2) filed on July 17, 2003; and it is further

ORDERED that on August 28, 2003, Defendant Lafarge, as described herein, was the rightful owner of the additional 73.52 acres described as within Parcel RBR-11(Fee) in the Amended Declaration of Taking (Docket No. 11) filed on August 28, 2003; and it is further

ORDERED that Defendants Wheeler One Trust and Collyer Family Trust were the rightful owners of Parcel RBR-11(A)(Fee) on July 18, 2003, upon the filing of the Declaration of Taking in the civil action entitled *United States v. 118.89 Acres, et al.*, Civil Action No. 03-cv-01298-JLK-GJR, United States District Court for the District of Colorado; and it is further

ORDERED that the fee simple absolute title to the land, all buildings, improvements and fixtures thereon, and any appurtenances thereto belonging, such that the surface estate becomes the dominant estate, subject to existing public rights-of way for roads, and rights-of-way for telephone lines, transmission lines, conduits or pipelines, excepting and reserving therefrom all coal, oil, gas, and mineral rights, more than 200 feet below the surface of the certain 27.34 acres described as Parcel RBR-11(Fee) in the Declaration of Taking (Docket No. 2) filed on July 17, 2003, vested in the United States of America on July 17, 2003, upon the filing of the Declaration of Taking in this civil action; and it is further

ORDERED that the fee simple absolute title to the land, all buildings, and improvements thereon, including all existing stockpiles of sand, gravel, and other earthen materials, and any appurtenances thereto belonging, such that the surface estate becomes the dominant estate, subject to existing rights-of-way for roads, and for telephone lines, transmission lines, conduits or pipelines, excepting and reserving therefrom all coal, oil, gas, and mineral rights, more than 200 feet below the surface of both the 27.34 acres as described within Parcel RBR-11(Fee) in the Declaration of Taking (Docket No. 2) filed July 17, 2003, and the 73.52 acres described as within Parcel RBR-11(Fee) in the Amended Declaration of Taking (Docket No. 11) filed on August 28, 2003, vested in the United States of America on August 28, 2003, upon the filing of the Amended Declaration of Taking in this civil action; and it is further

ORDERED that the fee simple absolute title to the land, all buildings, improvement and fixtures thereon, and appurtenant water rights including any and all Basin Creek water and water rights including the Harbaugh Ditch, 1.5 cfs, Ditch No. 34-Animas, District Priority No. 174, Tributary No. A-39, in Water District No. 30, Water Division No. 7, State of Colorado, and any appurtenances thereto belonging, such that the surface estate becomes the dominant estate, subject to existing public rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits or pipelines, excepting and reserving therefrom all coal, oil, gas, and mineral rights, more than 200 feet below the surface of the fee simple estate of the 0.61 acres described as Parcel RBR-4E(Fee) in the Declaration of Taking filed in the civil action entitled *United*

*States v. 118.89 Acres, et al.*, Civil Action No. 03-cv-01298-JLK-GJR, United States District Court for the District of Colorado vested in the United States of America on July 18, 2003, upon the filing of the Declaration of Taking in the civil action entitled *United States v. 118.89 Acres, et al.*, Civil Action No. 03-cv-01298-JLK-GJR, United States District Court for the District of Colorado; and it is further

ORDERED that the fee simple absolute title to the land, all buildings, and improvements thereon, including all existing stockpiles of sand, gravel, and other earthen materials, and any appurtenances thereto belonging, such that the surface estate becomes the dominant estate, subject to existing rights-of-way for roads, and for telephone lines, transmission lines, conduits or pipelines, excepting and reserving therefrom all coal, oil, gas, and mineral rights, more than 200 feet below the surface of the fee simple estate of the 0.61 acres described as Parcel RBR-11(A)(Fee) in the Third Amended Declaration of Taking (Docket No. 37) vested in the United States of America on April 15, 2004, upon the filing of the Third Amended Declaration of Taking. (Docket No. 37.); and it is further

ORDERED that the fee simple absolute title condemned in this civil action are vested in the United States of America free and clear of all claims and liens of whatever kind, except:

      A. Existing public rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits or pipelines existing on or before July 17, 2003, in reference to that certain 27.34 acres described as

Parcel RBR-11(Fee) in the Declaration of Taking (Docket No. 2) filed on July 17, 2003;

B. Existing rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits or pipelines existing on or before August 28, 2003, in reference to both the 27.34 acres as described within Parcel RBR-11(Fee) in the Declaration of Taking (Docket No. 2) filed July 17, 2003, and the 73.52 acres described as within Parcel RBR-11(Fee) in the Amended Declaration of Taking (Docket No. 11) filed on August 28, 2003;

C. Public rights-of-way for existing public rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits or pipelines existing on or before July 18, 2003, in reference to that certain 0.61 acres described as Parcel RBR-11(A)(Fee) in the Amended Declaration of Taking (Docket No. 11) filed on August 28, 2003;

D. Existing rights-of-way for roads, and rights-of-way for telephone lines, transmission lines, conduits or pipelines existing on or before April 15, 2004, in reference to Parcel RBR-11(Fee)[3] and Parcel RBR-

---

[3] Parcel RBR-11(Fee) described in the Third Amended Declaration of Taking (Docket No. 37) is composed on the 27.34 acres condemned on July 17, 2003 and the 73.52 acres condemned on August 28, 2003 in this civil action.

11(A)(Fee)[4] described in the Third Amended Declaration of Taking (Docket No. 37) filed April 15, 2004; and

E. All coal, oil, gas, and mineral rights, more than 200 feet below the surface of Parcel RBR-11(Fee) and Parcel RBR-11(A)(Fee) as described in the Third Amended Declaration of Taking filed on April 15, 2004; and it is further

ORDERED that the Stipulation and Joint Motion for Disbursement of Funds and Dismissal with Prejudice filed on March 21, 2006, (Docket No. 125) is incorporated as part of this Final Order; and it is further

ORDERED that, pursuant to the Stipulation and Joint Motion for Disbursement of Funds and Dismissal with Prejudice, the just compensation for the fee simple estates condemned by the Third Amended Declaration of Taking in this civil action is and shall be Three Million Twenty Thousand Dollars ($3,020,000); and it is further

ORDERED that all named Defendants and Defendants Unknown Owners, except Defendant Lafarge, as described herein, and the Wheeler Defendants, as described herein, shall take nothing by reason of this civil condemnation action; and it is further

ORDERED that each party shall bear its own attorney's fees, costs and

---

[4] Parcel RBR-11(A)(Fee) described in the Third Amended Declaration of Taking (Docket No. 37) is composed of the 0.61 acres originally condemned on July 18, 2003, in *United States v. 118.89 Acres, et al.*, Civil Action No. 03-cv-01298-JLK-GJR, and transferred and re-condemned in the Third Amended Declaration of Taking filed on April 15, 2004 in this civil action.

expenses.

DATED this 30th day of September , 2008.

BY THE COURT

*S/John L. Kane*
JOHN L. KANE
United States District Senior Judge